UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRANDON N.,[1]

                              Plaintiff,           Case # 24-CV-244-FPG

v.                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.
_____

## INTRODUCTION

Plaintiff Brandon N. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 12. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is GRANTED, the Commissioner's Motion for Judgment on the Pleadings is DENIED, and this matter is REMANDED for further proceedings.

## BACKGROUND

In January 2022, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 115. He alleged an amended onset date of September 2020 due to blindness,

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

1

cornea transplant, herniated discs, and keratoconus disease.[3]  Tr. 44, 115.  In May 2023, Administrative Law Judge Edward Malvey ("the ALJ") issued a decision finding that Plaintiff is not disabled.  Tr. 18-33.  In January 2024, the Appeals Council denied Plaintiff's request for review.  Tr. 1-4.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

**LEGAL STANDARD**

I. **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

II. **Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

---

[3] "Keratoconus is a deterioration in the shape of the cornea that causes blurred vision." *Zuege v. Knoch*, 423 F. App'x 621, 621 (7th Cir. 2011) (summary order).

work activity. *See* 20 C.F.R. § 404.1520(b).[4]  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  *Id.* § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  *Id.*  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id.* § 404.1520(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

---

[4] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations.  *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 2020, his amended onset date.  Tr. 21.  At step two, the ALJ found that Plaintiff had severe impairments of degenerative disc disease of the lumbar spine, status post lumbar interbody fusion, degenerative disc disease of the cervical spine with a small right disc protrusion at C7-T1, keratoconus, and obesity.  *Id.*  At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment.  *Id.*

Next, the ALJ determined that Plaintiff had the RFC to perform light work with additional non-exertional limitations.  Tr. 22.  At step four, the ALJ found that Plaintiff could not perform any past relevant work.  Tr. 32.  At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.  Tr. 32-33.  Accordingly, the ALJ found that Plaintiff is not disabled.  Tr. 33.

### II. Analysis

Plaintiff argues that remand is warranted because the ALJ (1) constructed the vision limitations of the RFC with his own lay judgment; and (2) erred in evaluating Plaintiff's spinal impairments.  ECF No. 6-1 at 1.  Because the Court agrees with Plaintiff's second argument, it need not address his first.

Plaintiff identifies a series of related errors in the ALJ's rationale for concluding that Plaintiff could perform light work despite his spinal impairments.  *See id.* at 13-17.  The Court agrees that the ALJ's reasoning was erroneous and warrants remand for a fresh analysis.

4

Plaintiff has a history of neck and back problems. Tr. 392. Those problems were exacerbated by three motor-vehicle accidents in which Plaintiff was involved—in 2017, 2020, and 2021. *See* Tr. 571, 762, 818. When Plaintiff originally applied for benefits, he listed his onset date as June 1, 2017, which corresponds to the first of these accidents. Tr. 115. At the hearing, his attorney amended the onset date to September 21, 2020, which corresponds to the second accident. Tr. 44.

Notwithstanding this amendment, it is well-established that "[m]edical records from before the amended onset date are still records which the ALJ can, and should, consider." *Melissa S. v. Comm'r of Soc. Sec.*, No. 20-CV-1536, 2022 WL 2225793, at *6 (N.D.N.Y. Dec. 7, 2022). "In fact, evidence from before or after the relevant time period often provides necessary context for a disability claim and, if so, an ALJ cannot simply ignore it." *Id.* (internal quotation marks omitted). This principle was particularly applicable here, given that Plaintiff suffered from the same kinds of medical complaints for a lengthy period before and after the amended onset date.

The manner in which the ALJ reviewed Plaintiff's medical records is concerning. It appears that he ignored all medical records predating the amended onset date. *See* Tr. 22-28. The Court understands the logic of doing so if a claimant suffers a discrete, catastrophic injury on the onset date; in that situation, the earlier records may be treated as stale. But that approach makes little sense when a claimant suffers from a chronic condition for which he received significant medical intervention immediately prior to the onset date. The regulations themselves recognize this. *See* 20 C.F.R. § 404.1512(b)(1) (stating that the agency will "develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application").

5

Having put aside these "pre-onset" medical records, the ALJ lacked the necessary factual context through which he could properly interpret Plaintiff's baseline functioning and subsequent medical progress (or lack thereof), including the efficacy of various treatment interventions and the degree of relative "improvement" in his condition.  For example, the ALJ discounted Plaintiff's claims in part because, from 2020 to 2022, Plaintiff obtained "partial benefit" with the use of "generally conservative treatment measures."  Tr. 30.  The ALJ may well have drawn a different inference had he considered Plaintiff's entire longitudinal record beginning from the first accident, with all its clinical findings, treatment interventions, and medical opinions.  On similar logic, the ALJ discounted the medical opinions issued before the amended onset date.  Tr. 29.  He thus deprived himself of the benefit of expert insight into Plaintiff's medical condition over time.  Indeed, one treating physician concluded that Plaintiff had reached "maximal medical improvement" for his spinal issues by September 2020, Tr. 394—an opinion which would clearly be relevant to the period at issue.  *Cf. Maria S. v. Kijakazi*, No. 21-CV-177, 2022 WL 4619861, at *6 (N.D.N.Y. Sept. 30, 2022) (noting that "medical opinions from prior to a claimant's filing date or alleged onset date can be relevant," but rejecting relevance of opinion that "explicitly state[d] that it applies only to the period before that date").  Furthermore, the ALJ concluded from physical-therapy records that Plaintiff had successfully "recover[ed]" from lumbar-fusion surgery in October 2022.  Tr. 30.  But what "recovery" or "improvement" means in the context of Plaintiff's functioning must be understood in relation to Plaintiff's baseline condition, and the ALJ's disregard of relevant medical evidence undermined his ability to reasonably assess that baseline condition.

Accordingly, the Court agrees with Plaintiff that the ALJ erroneously evaluated the medical evidence in relation to Plaintiff's spinal impairments.  Because the Court cannot assure itself that

6

such errors had no effect on the outcome of Plaintiff's applications, remand for further proceedings is warranted. *See Wettlaufer v. Colvin*, 203 F. Supp. 3d 266, 281 (W.D.N.Y. 2016) (noting that an error is harmless where "application of the correct legal principles to the record could lead to only one conclusion").

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

Dated: August 5, 2025
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York